**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **LANIEKA SPIKES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.**_____ |
| | § | |
| **TLG RESTAURANTS, LLC/** | § | |
| **THE LEWIS IZU GROUP** | § | |
| **RESTAURANTS, LLC** | § | |
| **D/B/A JACK IN THE BOX** | § | |
| *Defendant* | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, LANIEKA SPIKES, ("Plaintiff" or "Ms. Spikes") files this Complaint and would respectfully show the Court as follows:

### PARTIES

1.     Plaintiff, Lanieka Spikes, is an individual who presently resides in Jasper, Texas.

2.     Defendant, TLG Restaurants, LLC/The Lewis Izu Group Restaurants, LLC d/b/a Jack in the Box ("TLG"), is a corporation that is incorporated under the law of the State of Texas.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process by serving its registered agent, Sherman Lewis, III, at 13250 FM 1960 West, Houston, Texas 77065.

### JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3).

4.     The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims of invasion of privacy by public disclosure of private facts and unlawful disclosure or promotion of certain intimate visual material against Defendant because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.     Venue is proper in the U.S. District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b) because the unlawful practices alleged below were committed therein.

<u>EXHAUSTION OF ADMINISTRATIVE PROCEDURES</u>

6.     Plaintiff timely filed a charge of discrimination, hostile work environment, and sexual harassment with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this suit within (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached as Exhibit "A".

<u>CONDITIONS PRECEDENT</u>

7.     All conditions precedent have been performed or have occurred.

<u>FACTS</u>

8.     Ms. Spikes was hired as an employee of TLG to work at its Jack-in-the-Box franchise in Jasper, Texas in October 2016.

9.     Defendant TLG owns, operates, and manages the Jack-in-the-Box location in Jasper, Texas.

10.     On or about November 16, 2016, Ms. Spikes was approached by another employee, T'Lexxus McQueen ("Ms. McQueen"), and told that there were pictures and a video

2

of Ms. Spikes circulating among the employees, that other employees had seen the pictures and the video, and that employees were talking about it.

11.     Initially, Ms. Spikes was unsure what Ms. McQueen was talking about; however, Ms. Spikes quickly learned from Ms. McQueen and others that the video being circulated among the employees was a sexually explicit video that Ms. Spikes had made with her then boyfriend back in 2008.  Shortly after the video had been made, Ms. Spikes regretted allowing herself to be filmed in the video.  Ms. Spikes was also unaware that a copy of the video still existed.

12.     Ms. Spikes was horrified that other employees had obtained the video and were watching the video and distributing it.  Ms. Spikes asked Ms. McQueen who had the video and was showing it to the employees.  Ms. McQueen also told Ms. Spikes that the Assistant Manager, Eric Hollingsworth ("Mr. Hollingsworth") had a copy of the video.

13.     Ms. Spikes confronted Mr. Hollingsworth about the video and how he had obtained it.  Mr. Hollingsworth told Ms. Spikes that he got the video from Stevie Williams ("Mr. Williams"), **TLG's Store Manager**.

14.     When confronted by Ms. Spikes, Mr. Williams refused to tell her where he had obtained the video.  Mr. Williams told her that they "were just having fun", that he was a man, and that when he saw a nice body he was going to react.  Mr. Williams also made comments about Ms. Spike's physical appearance, including remarks about her bottom, and said that she was too skinny.

15.     During this time, it became readily apparent that most, if not all of the employees at the Jasper Jack in the Box had seen and/or heard about the video and were talking about it.

16.     Given what had occurred and Mr. Williams' statements, Ms. Spikes felt hurt, embarrassed, humiliated, and fearful.

3

17.     Ms. Spikes left work and reported the incident to Yvette Jones ("Ms. Jones"), TLG's General Manager, on November 16 or 17, 2016.

18.     On November 17, 2016, after being confronted by Ms. Spikes, Mr. Williams and Mr. Hollingsworth then engaged in a concerted effort to cover-up their misdeeds by attempting to intimidate and blame other employees.  Indeed, Mr. Williams and Mr. Hollingsworth tried to blame Ms. McQueen for the incident because she told Ms. Spikes about the video.

19.     Ms. Spikes filed a Charge of Discrimination with the EEOC on December 2, 2016, a true and correct copy of which is attached as Exhibit "B".

<u>COUNT ONE –SEXUAL HARASSMENT/HOSTILE WORK ENVIROMENT<br>CREATED BY SUPERVISORY EMPLOYEES</u>

20.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. §2000e(f).

21.     Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

22.     Plaintiff was subjected to unwelcome sexual harassment by Defendant through its managers and supervisors.

23.     The harassment of Plaintiff was based upon sex.  Indeed, Mr. Williams' statements that he was a man and he was going to react when he saw a "nice body" and comments about Ms. Spike's bottom clearly and unambiguously indicate harassment based on sex.

24.     The harassment affected a term, condition, or privilege of Plaintiff's employment, namely Plaintiff's ability to properly perform her job.

25.     Defendant knew or should have known of the harassment and failed to take remedial action.

26.     Defendant created and/or maintained a workplace that permeated with discriminatory intimidation, ridicule, and insult that was sufficiently sever or pervasive to create a hostile or abusive working environment to Plaintiff subjectively and to a reasonable person objectively.  In other words, Defendant created and/or maintained a hostile work environment.

27.     Moreover, the harassment was so severe that Plaintiff was unable to return to work and perform her job, which resulted in her constructive discharge, and later actual discharge, by Defendant.

28.     Defendant is vicariously liable for the conduct of Mr. Williams and Mr. Hollingsworth because they were employed by Defendant as supervisors with authority over Plaintiff and sexually harassed Plaintiff and created the hostile work environment.

29.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

<u>COUNT TWO – GENDER DISCRIMINATION</u>

30.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. § 2000e(f).

31.     Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. § 2000e(b).

32.     Plaintiff was qualified for her position.

33.     Plaintiff suffered an adverse employment action.  Plaintiff was constructively discharged from her employment based on her gender.

34.     Similarly situated male employees were treated more favorably than Plaintiff-*i.e.*, male employees were not subjected to sexual harassment and a hostile work environment based on sex.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

COUNT THREE – INVASION OF PRIVACY BY<br>PUBLIC DISCLOSURE OF PRIVATE FACTS

36.     Plaintiff pleads a claim under Texas law for invasion of privacy by public disclosure of private facts.

37.     Mr. Williams and Mr. Hollingsworth were employed by Defendants in a managerial capacity, and/or are Vice-Principals under Texas law.  Further, Mr. Williams and Mr. Hollingsworth were acting within the course and scope of their employment during their interactions with Plaintiff.  Thus, Defendant is liable for their conduct based on *respondeat superior*, their status as managers and vice-principals for Defendant, and/or ratification.

38.     Mr. Williams and Mr. Hollingsworth publicized information about Plaintiff's private life, namely a sexually explicit video depicting Plaintiff engaged in sexual conduct and/or that such a video existed.  Mr. Williams and Mr. Hollingsworth publicized the video without Plaintiff's knowledge or consent.

39.     The publicity of such material is highly offensive to a reasonable person.

40.     The matter publicized is not of legitimate public concern.

41.     Plaintiff suffered emotional and financial injury as a result of the disclosure.

42.     Plaintiff pleads that the unlawful disclosure or distribution of the sexually explicit video of Plaintiffs is also a crime under Texas law.  *See* TEX. PENAL CODE § 21.16.

43.     Mr. Williams and Mr. Hollingsworth acted intentionally or recklessly in obtaining the sexually explicit video of Ms. Spikes and distributing the video to other employees and individuals.

44.     Mr. Williams and Mr. Hollingsworth also acted in intentionally or recklessly in disclosing existence the sexually explicit video of Ms. Spikes to other employees and individuals, and discussing the video with other employees and individuals.

45.     Plaintiff is entitled to recover punitive and/or exemplary damages because Defendant, through its managers and Vice-Principals, acted with malice toward Plaintiff or in a grossly negligent manner.  *See* TEX. CIV. PRAC. & REM. CODE §§ 41.003(a); 41.005 (b)(1), (c)(1-4).

COUNT FOUR – UNLAWFUL DISCLOSURE
OR PROMOTION OF CERTAIN VISUAL MATERIAL

46.     Plaintiff asserts a statutory claim under Texas law for the unlawful disclosure or promotion of intimate visual material, pursuant to Section 98B.002 of the Texas Civil Practice and Remedies Code.

47.     Mr. Williams and Mr. Hollingsworth were employed by Defendants in a managerial capacity, and/or are Vice-Principals under Texas law.  Further, Mr. Williams and Mr. Hollingsworth were acting within the course and scope of their employment during their interactions with Plaintiff.  Thus, Defendant is liable for their conduct based on *respondeat superior*, their status as managers and vice-principals for Defendant, and/or ratification.

48.     Mr. Williams and Mr. Hollingsworth disclosed intimate visual material of Plaintiff with her consent.[1]

49.     Mr. Williams and Mr. Hollingsworth obtained the intimate visual material under circumstances in which Plaintiff, the depicted person, had a reasonable expectation that the material would remain private.

50.     The disclosure of the intimate visual material caused harm to Plaintiff.

---

[1] "Intimate visual material" means visual material that depicits a person with the person's intimate parts exposed; or enganged in sexual conduct.  TEX. CIV. PRAC. & REM. CODE § 98B.001(2).

51.     The disclosure of the intimate visual material revealed the identity of Plaintiffs, the depicted person.  Mr. Williams and Mr. Hollingsworth also made statements identifying Plaintiff as the person depicted in the video.

52.     Pursuant to Section 98B.003 of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to recover her reasonable attorney's fees and exemplary damages.

ATTORNEY'S FEES

53.     Plaintiff was forced to engage counsel to protect her rights.  Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).  Plaintiff is also entitled to attorney's fees pursuant to Section 98B.003 of the Texas Civil Practice and Remedies Code.

INTEREST

54.     Plaintiff is entitled to prejudgment and post-judgment interest at the highest lawful rate.

DAMAGES

55.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following injuries and damages:

    a.    Plaintiff was constructively discharged from her employment resulting in lost pay and benefits.  Plaintiff seeks to recover all actual damages, including but not limited to back pay, front pay, and compensation for past, present, and future lost benefits, including loss of Social Security benefits;

    b.    Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her;

    c.    Plaintiff seeks compensatory damages available for mental anguish and distress suffered as a result of her unlawful termination and seeks recovery of mental anguish damages;

d.      As set forth above, Plaintiff is entitled to his costs of suit and her reasonable and necessary attorney's fees;

e.      Based on Defendant's discriminatory conduct and blatant and deliberate disregard for anti-discrimination laws, Plaintiff seeks punitive and/or exemplary damages. Plaintiff also seeks an award of punitive and/or exemplary damages based on Defendant's invasion of her privacy by public disclosure of private facts, and intentional tort under Texas law, and Defendant's unlawful disclosure or promotion of certain intimate visual material;

f.      Plaintiff also seeks prejudgment interest on all lost wages and benefits and postjudgment interest on all sums, including attorney's fees.

<u>JURY TRIAL DEMAND</u>

56.     Plaintiff demands a jury trial.

<u>PRAYER</u>

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a.      Actual damages due to her under the law, including but not limited to back pay, front pay, and compensation for past, present and future lost benefits;

b.      Compensatory damages;

c.      Damages for mental anguish;

d.      Punitive damages;

e.      Reasonable attorney's fees;

f.      Costs of suit;

g.      Prejudgment and postjudgment interest; and

h.      Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

**BERNSEN LAW FIRM**

Christine L. Stetson
State Bar No. 00785047
cstetson@bernsenlaw.com
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Tanner G. M. Franklin
State Bar No. 24082506
tfranklin@bernsenlaw.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 – Telephone
409/212-9411 – Facsimile

**ATTORNEYS FOR PLAINTIFF**